OPINION
Defendant-appellant Michael Miller appeals from the September 29, 1999, Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 18, 1990, the Stark County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02, an aggravated felony of the first degree, three counts of gross sexual imposition in violation of R.C. 2907.05, felonies of the third degree, and three counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31, felonies of the third degree. At his arraignment on May 25, 1990, appellant entered a plea of not guilty to the charges contained in the indictment. The Bill of Particulars, which was filed on June 25, 1990, alleged that appellant and his wife:
 ". . . did engage in sexual conduct with Randy Ramsey, not his/her spouse, the said Randy Ramsey being less than 13 years of age or did aid or abet each other in so doing.
 . . . did as a continuous course of conduct from on or about September 1, 1989, to on or about March 12, 1990 have sexual contact with Randy Ramsey, Mandy Ramsey, and Eve Ramsey not his/her spouse, the said Mandy Ramsey, Randy Ramsey, and Eve Ramsey being less than thirteen years of age or did aid or abet each other in so doing.
 . . . did as a continuous course of conduct from on or about September 1, 1989 to on or about March 12, 1990 disseminate, provide, exhibit or present to a juvenile, to wit: Mandy Ramsey, Randy Ramsey, and Eve Ramsey material or performance that is obscene or harmful to juveniles and/or allow said juveniles, said material or performance involved is obscene and said juvenile being under 13 years of age."
Pursuant to a Judgment Entry filed on July 26, 1990, the State of Ohio's oral motion to merge three counts of gross sexual imposition as contained in Counts 2, 3, and 4 of the indictment into one count of gross sexual imposition as contained in Count 2 was granted. The same day, the trial court granted the State of Ohio's motion to amend the charge of rape as contained in Count 1 of the indictment to a charge of sexual battery in violation of R.C. 2907.03. Thereafter, appellant entered a plea of guilty to one count of sexual battery in violation of R.C. 2907.03 and to one count of gross sexual imposition in violation of R.C. 2907.05. Appellant was sentenced to prison for two years on the charge of sexual battery and to an indeterminate term of three to ten years on the charge of gross sexual imposition. The sentences were to be served concurrently. A Judgment Entry memorializing appellant's plea and sentence was filed on July 26, 1990. The State of Ohio had entered a nolle prosequi on the charge of disseminating matter harmful to juveniles as contained in Counts 5, 6 and 7 of the indictment. On January 1, 1997, House Bill 180 (R.C. Chapter 2950) went into effect. Such bill created registration and notification requirements for sex offenders. Pursuant to the requirements of this bill, the Warden of the prison in which appellant is incarcerated recommended that appellant be classified a sexual predator for purposes of R.C. 2950. For such reason, the trial court scheduled an H.B. 180 hearing to determine whether appellant should be adjudicated a sexual predator as defined in R.C.2950.01(E). Prior to such hearing, appellant filed a Motion to Dismiss H.B. 180 Proceedings. Pursuant to a Judgment Entry filed on September 13, 1999, the trial court overruled appellant's motion, holding that R.C. 2950 does not violate the prohibition against ex post facto legislation or the double jeopardy clause of the United States or Ohio Constitutions and is not a violation of due process due to vagueness.
Following a H.B. 180 hearing held on September 27, 1999, the trial court found appellant to be a sexual predator subject to all the requirements of R.C. Chapter 2950. It is from the trial court's September 29, 1999 Judgment Entry adjudicating him a sexual predator that appellant prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL ERRED IN OVERRULING APPELLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II
Appellant, in his first two assignments of error, argues that R.C. Chapter 2950 violates the ex post facto and retroactivity clauses of the Ohio and United States Constitutions. Assignments of Error I and II are overruled on the authority of State v. Cook (1998),83 Ohio St.3d 404, paragraphs one and two of the syllabus.
 III, IV
In his third and fourth assignments of error, appellant contends that H.B. 180's sexual predator classification violates constitutional prohibitions on double jeopardy and that H.B. 180 is unconstitutionally vague. Both of these assignments of error are overruled on the authority of State v. Albaugh (Feb. 1, 1999), Stark App. No. 1997CA00167 and 1997CA00222, unreported.
 V
Appellant, in his fifth and final assignment of error, argues that the trial court's judgment adjudicating appellant a sexual predator is against the manifest weight of the evidence. In State v. Cook, supra, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279
. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavior characteristics that contribute to the offender's conduct.
At the sexual predator hearing in the case sub judice, the State presented evidence that appellant, who was then twenty four years old, had engaged in oral sex with three young children. In addition, appellant had performed sexual acts, including fondling and oral sex, with his wife, the childrens' mother, in front of the children. The three children, who were appellant's stepchildren, were between the ages of eight and eleven at the time. Appellant's sexual abuse of the three children continued for approximately six months. The trial court, in its September 29, 1999, Judgment Entry adjudicating appellant a sexual predator, specifically found that "the defendant's age, multiple victims, the age of the multiple victims, the fact that this offender required the three children to engage in sexual activity with the childrens' natural mother in his presence, the type of activity the children were involved in, constituted clear and convincing evidence that the defendant shall be designated a sexual predator." We find that the trial court considered the elements set forth in R.C. 2950.09(B)(2). We further find that there was competent, credible evidence to support the trial court's finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that such finding is not against the manifest weight of the evidence. Appellant's fifth assignment of error is, therefore, overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 _______________________________ READER, V.J.
FARMER, P.J. and WISE, J. CONCURS.